**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

PAIGE G.P.,

                         Plaintiff,

        v.                                          5:23-CV-502
                                                     (GTS/DJS)
MARTIN O'MALLEY[1],

                         Defendant.
_____

**APPEARANCES:**                          **OF COUNSEL:**

LAW OFFICES OF KENNETH HILLER, PLLC        JUSTIN GOLDSTEIN, ESQ.
Attorney for Plaintiff
6000 North Bailey Avenue - Suite 1A
Amherst, New York 14226

U.S. SOCIAL SECURITY ADMIN.                HEETANO SHAMSOODAR,
OFFICE OF GENERAL COUNSEL                  ESQ.
Attorney for Defendant
6401 Security Blvd.
Baltimore, Maryland 21235

**DANIEL J. STEWART**
**United States Magistrate Judge**

### <u>REPORT-RECOMMENDATION AND ORDER</u>[2]

        Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a

decision by the Commissioner of Social Security that Plaintiff was not disabled. Dkt.

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley should be substituted for Kilolo Kijakazi as the Defendant in this action.

[2] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

No. 1.  Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings.  Dkt. Nos. 12, 16-17.  For the reasons set forth below, the Court recommends that Plaintiff's Motion for Judgment on the Pleadings be granted and Defendant's Motion be denied.

## I. RELEVANT  BACKGROUND

### A.  Background

Plaintiff was born in 1993.  Dkt. No. 9, Admin. Tr. ("Tr."), p. 295.  Plaintiff reported having completed an Associate's Degree in photography.  Tr. at p. 37.  The ALJ found that Plaintiff had past work experience as a scanner operator and a customer service coordinator.  Tr. at p. 25; *see also* Tr. at pp. 37-39.  Plaintiff alleged disability based upon degenerated spinal stenosis, lower back issues, Fibromyalgia, depression, anxiety, PCOS  Polycystic ovary syndrome, Hypothyroidism, and Sclerosis.  Tr. at p. 299.  Plaintiff applied for disability and disability insurance benefits and supplemental security income benefits in January 2020.  Tr. at pp. 142-143.  She alleged a disability onset date of April 12, 2020.  Tr. at p. 64.  Plaintiff's application was initially denied on April 1, 2021, Tr. at pp. 150-159, and upon reconsideration on September 24, 2021.  Tr. at pp. 162-177.  She then requested a hearing before an Administrative Law Judge ("ALJ").  Tr. at pp. 178-179.  The hearing took place before ALJ Jennifer Smith on April 12, 2022, at which Plaintiff and a vocational expert testified.  Tr. at pp. 33-63.  On May 9, 2022, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act.  Tr. at pp. 14-27.  On April 14, 2023, the Appeals Council denied

2

Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-6.

## B. The ALJ's Decision

In her decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 12, 2020, the alleged onset date. Tr. at p. 16. Second, the ALJ found that Plaintiff had the following severe impairments: obesity, status post left decompressive hemilaminectomy at L3-4 and L4-5, degenerative changes and stenosis and scoliosis in the lumbar and thoracic spine, left paracentral disc herniations at T7-8 and T9-10, history of cervical spondylosis, fibromyalgia and status post gastric bypass. Tr. at p. 17. Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at pp. 19-20. Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC")

> to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant should not work at unprotected heights or work in close proximity to dangerous machinery or moving mechanical parts of equipment. The claimant should not climb ladders, ropes and scaffolds, balance as defined in the Selected Characteristics of Occupations (SCO), kneel, crouch and crawl. The claimant can occasionally climb ramps and stairs and stoop.

Tr. at pp. 20-21. Fifth, the ALJ found that Plaintiff was unable to perform her past relevant work. Tr. at p. 25. Sixth, the ALJ found that based upon Plaintiff's age, education, and functional abilities there were jobs in the national economy she could

perform.  Tr. at pp. 25-26.  As a result, the ALJ found that Plaintiff was not disabled. Tr. at p. 26.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence.  *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).  "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

4

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is

5

whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

## III. ANALYSIS

In support of remand, Plaintiff's brief offers two broad claims, each containing individual arguments. Plaintiff argues first that the ALJ erred in evaluating Plaintiff's symptomology. Dkt. No. 12, Pl.'s Mem. of Law, pp. 9-18. Second, she argues that the ALJ erred in evaluating medical opinions and that the RFC determination was not supported by substantial evidence. *Id.* at pp. 18-25. In response, Defendant submits that both the medical opinions and Plaintiff's subjective complaints were properly evaluated and that the ALJ's decision is supported by substantial evidence. Dkt. No. 16, Def.'s Mem. of Law, pp. 4-11. Having reviewed the record and considered the

arguments of the parties, the Court concludes that remand is required to provide the ALJ an opportunity to more fully explain the determination that the Plaintiff is not disabled.

In all cases the ALJ is required to provide rationale in the written decision sufficient to allow a reviewing court to conduct an adequate review of his findings. *Hamedallah ex rel. E.B. v. Astrue*, 876 F. Supp. 2d 133, 142 (N.D.N.Y. 2012) ("A court 'cannot . . . conduct a review that is both limited and meaningful if the ALJ does not state with sufficient clarity the legal rules being applied and the weight accorded the evidence considered.'") (quoting *Morgan on behalf of Morgan v. Chater*, 913 F. Supp. 184, 188-89 (W.D.N.Y. 1996)); *Booker v. Astrue*, 2011 WL 3735808, at *5 (N.D.N.Y. Aug 24, 2011) ("The crucial factors in an ALJ's decision must be set forth in sufficient detail as to enable meaningful review by the court.") (citing *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984)). "The ALJ must 'build an accurate and logical bridge from the evidence to [the] conclusion to enable a meaningful review.'" *Hickman ex rel. M.A.H. v. Astrue*, 728 F. Supp. 2d 168, 173 (N.D.N.Y. 2010) (quoting *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002)). Here, remand is warranted because the ALJ's findings do not permit that meaningful review.

First, the ALJ found the consultative examination report of Dr. Gilbert Jenouri "generally persuasive," in part because he "has program knowledge, had an opportunity to examine the claimant and his findings are consistent with the totality of the evidence." Tr. at p. 24. She went on to note, however, that "Dr. Jenouri uses terms, which are not defined by this agency." *Id.* No further explanation is offered and the terms the ALJ is

7

referring to are not identified. The unexplained crediting of Dr. Jenouri's opinion, in part, based on his programmatic knowledge, while also noting that he used undefined terms raises questions for the Court regarding the propriety of the ALJ's consideration of this opinion.

Second, Plaintiff points to the ALJ's statement that she "assessed environmental limitations consistent with the postural limitations." Pl.'s Mem. of Law at p. 21 (citing Tr. at p. 24). As Plaintiff notes, postural and environmental limitations are distinct and the ALJ's opinion made no connection between the two. *See* Tr. at p. 24. Defendant attributes this, in an entirely conclusory manner, to a typographical error. Def.'s Mem. of Law at p. 10. While this certainly may be true, it is equally possible that it was the result of an error in the analysis or simply an incomplete statement by the ALJ. "As this is not clear from the determination, the court cannot accept [Defendant's] post hoc justification on appeal." *Robert R. v. Saul*, 2019 WL 4183569, at \*14 n.4 (W.D.N.Y. Sept. 4, 2019) (citing *Glessing v. Comm'r of Soc. Sec. Admin.*, 725 F. App'x 48, 50 (2d Cir. 2018)).

Third, the Court agrees that, on this record, remand is warranted for a further review of Plaintiff's subjective complaints. The ALJ is obligated to "carefully consider all the evidence presented by claimants regarding their symptoms, which fall into seven relevant factors including daily activities and the location, duration, frequency, and intensity of their pain or other symptoms." *Debra T. v. Comm'r of Soc. Sec.*, 2019 WL 1208788, at \*9 (N.D.N.Y. Mar. 14, 2019) (quoting *Del Carmen Fernandez v. Berryhill*,

2019 WL 667743, at *9 (S.D.N.Y. Feb. 19, 2019)) (internal quotations and alterations omitted).

> The evaluation of symptoms involves a two-step process. First, the ALJ must determine, based upon the objective medical evidence, whether the medical impairments "could reasonably be expected to produce the pain or other symptoms alleged...." 20 C.F.R. §§ 404.1529(a), (b); 416.929(a), (b).
>
> If so, at the second step, the ALJ must consider "'the extent to which [the claimant's] alleged functional limitations and restrictions due to pain or other symptoms can reasonably be accepted as consistent with the [objective medical evidence] and other evidence to decide how [the claimant's] symptoms affect [her] ability to work.'" *Barry v. Colvin*, 606 F. App'x 621, 623 (2d Cir. 2015) (citing *inter alia* 20 C.F.R. § 404.1529(a); *Genier v. Astrue*, 606 F.3d at 49) (alterations in original). If the objective medical evidence does not substantiate the claimant's symptoms, the ALJ must consider the other evidence. *Cichocki v. Astrue*, 534 F. App'x 71, 76 (2d Cir. 2013) (citing superseded SSR 96-7p). The ALJ must assess the claimant's subjective complaints by considering the record in light of the following symptom-related factors: (1) claimant's daily activities; (2) location, duration, frequency, and intensity of claimant's symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (5) other treatment received to relieve symptoms; (6) any measures taken by the claimant to relieve symptoms; and (7) any other factors concerning claimant's functional limitations and restrictions due to symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

*Debra N. v. Comm'r of Soc. Sec.*, 2019 WL 1369358, at *7 (N.D.N.Y. Mar. 26, 2019). While recognizing that that the ALJ's determinations in this regard are generally afforded significant deference, *see Shari L. v. Kijakazi*, 2022 WL 561563, at *12 (N.D.N.Y. Feb. 24, 2022), the record here raises questions that warrant further consideration.

The ALJ found that Plaintiff's subjective statements were "inconsistent with her activity level." Tr. at p. 22. The decision then recites a range of daily activities that Plaintiff can perform. *Id.* Significantly, however, the ALJ added a qualifier that Plaintiff had performed these activities "to some extent." *Id.* No further explanation of that qualifier is offered and so it is unclear whether the decision was qualifying the particular activities Plaintiff could perform, the amount of time for which they could be performed, or whether they were doable alone or only with assistance. "A claimant's participation in the activities of daily living will not rebut his or her subjective statements of pain or impairment unless there is proof that the claimant engaged in those activities for sustained periods of time comparable to those required to hold a sedentary job." *Martin v. Astrue*, 2009 WL 2356118, at *11 (S.D.N.Y. July 30, 2009). Given the evidence in the record, both from Plaintiff's hearing testimony and reports in the medical records regarding significantly greater limitations in daily functioning than found by the ALJ, this vague statement makes it difficult to evaluate the propriety of the review of Plaintiff's subjective complaints.

This Court has consistently required that an ALJ provide a sufficient explanation of his determination to "allow[] a claimant or subsequent reviewer to follow the adjudicator's reasoning." *Christeenia C. v. Saul*, 2021 WL 2644104, at *4 (N.D.N.Y. June 28, 2021). Providing that explanation requires the ALJ to build an accurate and logical bridge between the evidence and his conclusion to facilitate that meaningful review. *Pamela P. v. Saul*, 2020 WL 2561106, at *4 (N.D.N.Y. May 20, 2020). Here,

10

the record is lacking in this regard and the Court recommends remand. *Charles B. v. Kijakazi*, 2022 WL 3227572, at *3 (N.D.N.Y. July 21, 2022), *report and recommendation adopted sub nom. Charles B. v. Comm'r of Soc. Sec.*, 2022 WL 4104009 (N.D.N.Y. Sept. 8, 2022).

## IV. CONCLUSION

**ACCORDINGLY**,  it is

**RECOMMENDED**,  that Plaintiff's Motion for Judgment on the Pleadings be **GRANTED**; and it is further

**RECOMMENDED**,  that Defendant's Motion for Judgment on the Pleadings be **DENIED**; and it is further

**RECOMMENDED**,  that Defendant's decision denying Plaintiff disability benefits be **REMANDED pursuant to sentence four** for further proceedings; and it is

**ORDERED**,  that the Clerk of the Court shall serve copies of this Report-Recommendation and Order on the parties.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72

& 6(a).

Dated: March 18, 2024
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge